```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
J.P.'S INN, INC., et al.,                                    :
                                    Plaintiffs,              :
                                                             :    23 Civ. 10984 (LGS)
              -against-                                      :
                                                             :            ORDER
CFG MERCHANT SOLUTIONS, LLC, et al.,                         :
                                    Defendants.              :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 19, 2023, Plaintiffs J.P.'s Inn, Inc. and John Pirraglia filed this action against Defendants CFG Merchant Solutions, LLC and John and Jane Doe Defendants alleging violations of 18 U.S.C. § 1962 and breach of contract.

WHEREAS, an Order dated December 21, 2023, scheduled the initial pretrial conference for February 14, 2024, and directed the parties to jointly prepare and file materials for the initial pretrial conference by February 7, 2024.

WHEREAS, on January 10, 2024, Defendants filed a premotion letter regarding their anticipated motion to dismiss. An Order dated January 11, 2024, directed Plaintiffs to respond to Defendants' pre-motion letter by January 19, 2024. The Order also reminded the parties to file the conference materials as described in the December 21, 2023, Order by February 7, 2024.

WHEREAS, Plaintiffs did not timely file a response to Defendants' premotion letter.

WHEREAS, an Order dated January 24, 2024, directed Plaintiffs to file their response to Defendants' premotion letter by January 30, 2024.

WHEREAS, on January 30, 2024, Plaintiffs filed their response to Defendants' premotion letter.

WHEREAS, on February 7, 2024, Defendants filed the conference materials without

Plaintiffs' involvement. Defendants stated that they repeatedly contacted Plaintiffs with an invitation to edit the materials, but Plaintiffs did not respond.

WHEREAS, an Order dated February 8, 2024, adjourned the initial pretrial conference to February 21, 2024, and directed the parties to refile jointly the conference materials or for Plaintiffs to file a letter addressing why the materials had not been prepared jointly by February 14, 2024. The Order stated that failure to comply with the deadline would result in dismissal of this action for failure to prosecute.

WHEREAS, on February 14, 2024, the parties jointly filed the conference materials.

WHEREAS, an Order dated February 15, 2024, adjourned the initial pretrial conference to March 6, 2024, and directed Defendants to file a reply to Plaintiffs' response to the premotion letter. Defendants timely filed their reply.

WHEREAS, an Order dated March 4, 2024, waived the initial pretrial conference and set a briefing schedule on Defendants' motion to dismiss. The briefing schedule required Plaintiffs to file their memorandum of law in opposition to the motion by April 19, 2024.

WHEREAS, Plaintiffs did not timely file their memorandum of law in opposition.

WHEREAS, an Order dated April 23, 2024, directed Plaintiffs to file the memorandum of law and a letter addressing the delay by April 26, 2024, or the motion would be considered unopposed.

WHEREAS, Plaintiffs did not timely file the memorandum of law or the required letter.

WHEREAS, an Order dated April 30, 2024, directed Plaintiffs to file a letter by May 3, 2024, stating that the motion is opposed. The Order stated that if the letter fails to identify the grounds on which the motion is opposed, Plaintiffs will be deemed to concede to Defendants' arguments. The Order also stated that if Plaintiffs fail to file any letter by May 3, 2024, this

action will be dismissed for failure to prosecute.

WHEREAS, Plaintiffs did not timely file the required letter.  It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiffs' failure to comply with court orders, is neutral. "There is no absolute measure by which to determine whether the delay is significant.  Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019).  While the period of non-compliance is shorter than in most cases that are dismissed for failure to prosecute, Plaintiffs have failed to comply with the Court's repeated orders to file their opposition to Defendants' motion to dismiss or a letter stating the grounds on which the motion is opposed.  Due to Plaintiffs' repeated failure to comply with the Court's

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

orders, the case is effectively dormant and cannot proceed without Plaintiffs' participation.

The second factor, whether Plaintiffs were on notice that failure to comply would result in dismissal, weighs in favor of dismissal. The April 30, 2024, Order stated that Plaintiffs' failure to file a letter as described in the Order would result in dismissal for failure to prosecute. In addition, the February 8, 2024, Order previously apprised Plaintiffs that failure to comply with Court deadlines would result in dismissal for failure to prosecute. The Court's April 30, 2024, order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs against dismissal. As stated previously, the delay is not as lengthy as in other cases dismissed for failure to prosecute.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiffs' interest in receiving a fair chance to be heard, is neutral. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21 Civ. 2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order). "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023). Plaintiffs' conduct has required the Court to issue additional orders and has delayed its consideration of Defendants' motion to dismiss. However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade

4

Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: May 7, 2024
      New York, New York

                                        **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**